**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:14-cv-21884-BB**

DEBRA HARRIS and BARBARA STARK, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NORDYNE, LLC,

Defendant.

**DEFENDANT NORDYNE, LLC'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

STATEMENT OF FACTS ..........................................................................................2

ARGUMENT ..............................................................................................................4

I. STANDARD OF REVIEW ....................................................................................4

II. PLAINTIFFS FAIL TO ADEQUATELY PLEAD A FDUTPA CLAIM ..........................6

A. Plaintiffs Do Not Identify Any Alleged Unfair or Deceptive Act or Practice ..........6

B. Plaintiffs Fail to Establish Causation ..........................................................9

C. Plaintiffs Fail to Plead Their FDUTPA Claim With the Specificity Required by Federal Rule of Civil Procedure 9(b) ..........11

III. PLAINTIFFS CANNOT MAINTAIN A CLAIM FOR UNJUST ENRICHMENT .........14

A. Plaintiffs' Unjust Enrichment Claim Fails Because an Adequate Remedy at Law Exists ..........14

B. The Existence of Express Warranties Dooms Plaintiffs' Unjust Enrichment Claim ..........16

IV. PLAINTIFFS HAVE NOT ADEQUATELY PLED DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(d) ..........17

CONCLUSION ........................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allyn v. CNL Lifestyle Props., Inc.*,
No. 6:13-cv-132-Orl-36GJK, 2013 WL 6439383 (M.D. Fla. Nov. 27, 2013) ..................16, 17

*Alvarez v. Royal Caribbean Cruises, Ltd.*,
905 F. Supp. 2d 1334 (S.D. Fla. 2012) ....................................................................16

*Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*,
390 F. Supp. 2d 1170 (M.D. Fla. 2005)................................................................14, 15

*Aprigliano v. Am. Honda Motor Co.*,
979 F. Supp. 2d 1331 (S.D. Fla. 2013) ....................................................................7, 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................ *passim*

*BAC Fin. Servs., Inc., v. Multinational Life Ins. Co.*,
No. 13-21529, 2013 WL 5929428 (S.D. Fla. Nov. 5, 2013) ..........................................16

*Beale v. Biomet, Inc.*,
492 F. Supp. 2d 1360 (S.D. Fla. 2007) ........................................................................6

*Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*,
No. 10-22153-CIV, 2011 WL 4434891 (S.D. Fla. Sept. 23, 2011)..................................11, 12

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................5, 11, 15

*Bowleg v. Bowe*,
502 So. 2d 71 (Fla. 3d DCA 1987) ..........................................................................14

*Cannon v. Metro Ford, Inc.*,
242 F. Supp. 2d 1322 (S.D. Fla. 2002) ....................................................................12

*Cebrian v. Robert H. Ballard Rehab. Hosp.*,
No. ED CV 13-2149, 2013 U.S. Dist. LEXIS 173184 (C.D. Cal. Dec. 6, 2013)..............17, 18

*Cutsforth v. Renschler*,
235 F. Supp. 2d 1216 (M.D. Fla. 2002)........................................................................8

*Denarii Sys., LLC v. Arab*,
No. 12-24239-CIV, 2013 WL 6162825 (S.D. Fla. Nov. 25, 2013) ........................................14

*Fitzpatrick v. General Mills, Inc.*,
635 F.3d 1279 (11th Cir. 2011) ..............................................................................9, 10

*In re Fla. Cement & Concrete Antitrust Litig.*,
746 F. Supp. 2d 1291 (S.D. Fla. 2010) ..........................................................................6

*Flintlock Constr. Servs. v. Well-Come Holdings*,
LLC, 710 F.3d 1221 (11th Cir. 2013).............................................................................17

*Furmanite Am., Inc. v. T.D. Williamson, Inc.*,
506 F. Supp. 2d 1134 (M.D. Fla. 2007)...........................................................................6

*Gary v. D. Agustini & Asociados, S.A.*,
865 F. Supp. 818 (S.D. Fla. 1994) ...............................................................................16

*Gavron v. Weather Shield Mfg.*,
819 F. Supp. 2d 1297 (S.D. Fla. 2011) ..........................................................................9

*H & J Paving of Fla., Inc. v. Nextel, Inc.*,
849 So.2d 1099 (Fla. 3d DCA 2003) ..............................................................................6

*In re Heartland Payment Sys., Customer Data Sec. Breach Litig.*,
834 F. Supp. 2d 566 (S.D. Tex. 2011) ............................................................................8

*Jovine v. Abbott Labs., Inc.*
795 F. Supp. 2d 1331 (S.D. Fla. 2011) ....................................................................10, 15

*Kais v. Mansiana Ocean Residences, LLC*,
No. 08-21492-CIV, 2009 U.S. Dist. LEXIS 25417 (S.D. Fla. Mar. 26, 2009) .......................11

*Llado-Carreno v. Guidant Corp.*,
No. 09-20971-CIV, 2011 WL 705403 (S.D. Fla. Feb. 22, 2011).....................................11, 12

*Lydia Sec. Monitoring, Inc. v. Alarm One, Inc.*,
No. 07-80145-CIV, 2007 WL 2446889 (S.D. Fla. Aug. 23, 2007) ........................................11

*Mallory & Evans Contrs. & Engrs, LLC v. Tuskegee Univ.*,
663 F.3d 1304 (11th Cir. 2011) ...................................................................................17

*Marquez v. Flextronics Am., LLC*,
No. 12-61520-Civ, 2013 WL 5448072 (S.D. Fla. Sept. 30, 2013)...........................................5

*Martinez v. Weyerhaeuser Mortg. Co.*,
959 F. Supp. 1511 (S.D. Fla. 1996) ..............................................................................14

*U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*,
671 F.3d 1217 (11th Cir. 2012) ....................................................................................5

*Mills v. Foremost Ins. Co.*,
511 F.3d 1300 (11th Cir. 2008) ....................................................................................5

*Montgomery v. New Piper Aircraft*,
209 F.R.D. 221 (S.D. Fla. 2002)............................................................................9, 10

*Montgomery v. New Piper Aircraft, Inc.*,
No. 00-14284-CIV, 2002 U.S. Dist. LEXIS 18198 (S.D. Fla. Aug. 6, 2002) ...........................8

*In re Motions to Certify Classes against Court Reporting Firms for Charges Relating to Word Indices*,
715 F. Supp. 2d 1265 (S.D. Fla. 2010) ........................................................................10

*PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*,
No. 3:12-cv-1366 (M.D. Fla. Aug. 27, 2013)..........................................................1, 13

*Perret v. Wyndham Vacation Resorts, Inc.*,
889 F. Supp. 2d 1333 (S.D. Fla. 2012) ....................................................................7, 11

*PNR, Inc. v. Beacon Property Management, Inc.*,
842 So.2d 773 (Fla. 2003)..............................................................................................6

*Postell v. Ryder Truck Rental, Inc.*,
512 Fed. App'x 977 (11th Cir. 2013) ..........................................................................18

*Prohias v. Pfizer, Inc.*,
490 F. Supp. 2d 1228 (S.D. Fla. 2007) ..................................................................14, 15

*Scobie v. Taylor*,
No. 13-60457-Civ., 2013 WL 3776270 (S.D. Fla. July 17, 2013) ...........................................5

*Scott v. Capital One Bank & Capital One Servs.*,
No. 8:08-cv-132-T-30-EAJ, 2008 WL 2157037 (M.D. Fla. May 20, 2008)............................6

*Selby v. Goodman Mfg. Co., Inc.*,
No. 2:13-cv-2162 (N.D. Ala. June 17, 2014)..................................................................1

*Silver v. Countrywide Home Loans, Inc.*,
760 F. Supp. 2d 1330 (S.D. Fla. 2011) ..........................................................................9

*Speier-Roche v. Volkswagen Grp. of Am., Inc.*,
No. 14-20107-CIV, 2014 WL 1745050 (S.D. Fla. Apr. 30, 2014)...................................14, 16

*Summit Tech., Inc. v. High-Line Med. Instruments, Co.*,
933 F. Supp. 918 (C.D. Cal. 1996) ................................................................................8

*Tooltrend, Inc. v. CMT Utensili, SRL*,
198 F.3d 802 (11th Cir. 1999) ....................17

*Weaver v. Mateer & Harbert, P.A.*,
No. 5:09-CV-514-Oc-34TBS, 2012 WL 3065362 (M.D. Fla. July 27, 2012)....................15

*Webster v. Royal Caribbean Cruises, Ltd.*,
124 F. Supp. 2d 1317 (S.D. Fla. 2000) ....................16

*Wells Fargo Bank Nat'l Ass'n v. Procorp Enters., LLC*,
No. 2:14-cv-273, 2014 WL 2118881 (M.D. Fla. May 21, 2014) ....................17

*Zlotnick v. Premier Sales Group, Inc.*,
480 F.3d 1281 (11th Cir. 2007) ....................9

**Federal Statutes**

28 U.S.C. §1332(d) ....................2, 17, 18

**State Statutes**

Fla. Stat. Ann. §§ 501.22 *et* seq. ("FDUTPA") .................... *passim*

Fla. Stat. § 501.204(1)....................9

Fla. Stat. § 501.211(2)....................9, 10

**Federal Rules**

Fed. R. Civ. P. 8(a) ....................4, 5, 6

Fed. R. Civ. P. 9(b) .................... *passim*

Fed. R. Civ. P. 12(b)(6)....................1, 4

Pursuant to Federal Rules of Civil Procedure (the "Rules") 12(b)(6) and 9(b), Defendant Nordyne, LLC ("Nordyne") respectfully moves to dismiss the Class Action Complaint ("Complaint") [ECF No. 1] filed by Plaintiffs Debra Harris ("Plaintiff Harris") and Barbara Stark ("Plaintiff Stark") (collectively, "Plaintiffs").

**INTRODUCTION**

Plaintiffs filed this lawsuit for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.22 *et* seq. ("FDUTPA") (Count I), and unjust enrichment (Count II). Plaintiffs' FDUTPA claim fails for three reasons. First, Plaintiffs have not pled any unfair or deceptive act or practice as those terms are interpreted by Florida courts. Second, Plaintiffs have not adequately alleged the required element of causation. Third, Plaintiffs' barebones Complaint fails to plead their FDUTPA claim with the particularity required by Rule 9(b). These shortcomings render Plaintiffs' FDUTPA claim legally deficient on its face.

Plaintiffs' claim for unjust enrichment likewise fails for two reasons. First, the availability of an adequate legal remedy—here, the FDUTPA claim—precludes an unjust enrichment claim premised on the same allegedly wrongful conduct. Second, Plaintiffs' unjust enrichment claim is also barred by the existence of an express contract governing the subject of the dispute—Nordyne's warranty. Accordingly, Plaintiffs' claim for unjust enrichment should be dismissed.[1]

[1] Indeed, similar claims against other HVAC system manufacturers have been dismissed on the same grounds in other courts in the Eleventh Circuit. *See, e.g.*, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*, No. 3:12-cv-1366, *11-15 (M.D. Fla. Aug. 27, 2013) (dismissing a similar FDUTPA claim for failing to satisfy Rule 9(b) particularity, and rejecting a similar unjust enrichment claim as precluded by the FDUTPA claim and the manufacturer's express warranty); Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, *Selby v. Goodman Mfg. Co., Inc.*, No. 2:13-cv-2162, *11 (N.D. Ala. June 17, 2014) (dismissing a similar unjust enrichment claim as incompatible with the existence of an express warranty). True and correct copies of the Middle District of Florida and Northern District of Alabama orders are attached hereto as Exhibits 1 and 2, respectively.

Aside from these substantive deficiencies, Plaintiffs' Complaint must be dismissed because Plaintiffs have failed to adequately plead diversity jurisdiction under 28 U.S.C. §1332(d). Because Nordyne is a limited liability company, Plaintiffs must plead the citizenship of each of Nordyne's members in attempting to invoke diversity jurisdiction under section 1332(d). Plaintiffs have failed to do so. Accordingly, and for the reasons discussed more specifically below, Plaintiffs' Complaint should be dismissed.

## STATEMENT OF FACTS

As alleged in the Complaint, Plaintiffs Harris and Stark each purchased HVAC products manufactured by Nordyne. Plaintiff Harris alleges that in October 2011, she purchased from GreenDog Energy Solutions LLC ("GreenDog") two HVAC systems manufactured by Nordyne —"a 1.5 ton system intended to heat and cool her master bedroom" and "a 3.5 ton system intended to cool the main part of Harris' house." Compl. ¶ 31. At three unspecified times "[t]hroughout the summer months of 2012," Harris claims to have contacted GreenDog about her 3.5 ton system because she "suspected it was not operating properly." *Id.* ¶ 34. On these occasions, GreenDog allegedly "topped [ ] off" the "refrigerant in the coils." *Id.* ¶ 34. Harris does not specify when these service visits occurred or whether they resulted in any out-of-pocket costs.

Roughly a year later in July 2013, Harris claims to have again contacted GreenDog about her 3.5 ton system because "it was still not functioning properly." Compl. ¶ 35. According to the Complaint, GreenDog determined that refrigerant "was leaking from holes in the system's copper evaporator coils and preventing the system from generating cool air." *Id.* Again, the Complaint contains no details about when this alleged inspection occurred or whether the inspection resulted in any out-of-pocket costs.

The Complaint alleges that while GreenDog charged Harris $280 for refrigerant and labor on October 9, 2013, Nordyne replaced the evaporator coils for Harris' 3.5 ton system free of charge under Nordyne's express warranty. *See* Compl. ¶¶ 35-37. Harris does not allege that she has experienced any problems with her 3.5 ton system after the evaporator coils were replaced in October 2013, nor does she allege that she has ever experienced any problems with her 1.5 ton Nordyne HVAC system.

Plaintiff Stark alleges that on February 1, 2012, she purchased from Cliff's Air Conditioning & Heating Inc. ("Cliff's") an HVAC system manufactured by Nordyne. *See* Compl. ¶ 40. After using the system without incident for over one-and-a-half years, she "noticed that it was not generating cool air" in September 2013 and requested an inspection. *Id.* ¶ 42. Cliff's allegedly determined that the evaporator coils had failed. *See id.* ¶ 43. The Complaint alleges that while Cliff's charged Stark $250 for refrigerant and labor associated with the repair of her HVAC system, Stark was provided replacement evaporator coils free of charge under Nordyne's warranty. *See* Compl. ¶ 45. The Complaint does not provide the specific date on which Stark's HVAC unit was repaired. While she has not alleged any problems with her HVAC unit since Cliff's replaced the coils, Stark avers that she "will continue to sustain unnecessary, out-of-pocket losses for labor and refrigerant" as a result of the replacement coils, which "will ultimately cause her system to prematurely fail yet again." *Id.* ¶ 44.

Aside from the recounting of these Plaintiff-specific repairs, the operative allegations on which the Complaint rests with respect to Nordyne's alleged misrepresentations and omissions are conclusory and non-specific. The Complaint avers that Nordyne holds itself out to the public as "a trusted name in the industry" that has been "designing and manufacturing reliable heating and cooling products for more than 90 years." Compl. ¶ 11. The Complaint also claims that

Nordyne represents that it "focuses on creating genuine value for its customers through a unique combination of innovation, product performance and responsive support." *Id.* Ultimately, the Complaint avers that Nordyne knew or should have known of two supposed causes of leakage and premature coil failure in their HVAC units: (i) problems associated with the use of a new federally mandated refrigerant, R-410A, *see* Compl. ¶¶ 14-17; and (ii) problems associated with formicary corrosion, *see id.* ¶ 18, which Plaintiffs describe as an "industry-wide" problem. *Id.* ¶ 19.

Plaintiffs' chief allegation is that although Nordyne had knowledge of these potential causes of leakage, Nordyne failed to disclose them to Plaintiffs and putative Class Members. *See* Compl. ¶¶ 3-4, 11, 19-23, 26-29, 38, 46, 52, 56, 64, 75. Plaintiffs, however, contradict their own chief allegation by conceding in their Complaint that Nordyne announced on its company website that "the 'copper alloy' that these coils are made out of is susceptible to a deadly triad of common household items (namely: oxygen, moisture in the air and organic acids found in numerous items)' and that '[u]ltimately they mean that refrigerant will leak out of the coils and result in a costly repair or replacement.'" Compl. ¶ 19.

Based on these allegations, Plaintiffs filed this putative class action against Nordyne, asserting claims for violation of FDUTPA and unjust enrichment. As shown below, neither claim can survive this motion.

## ARGUMENT

### I. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim brought under Rule 12(b)(6), Plaintiffs' Complaint must satisfy the baseline pleading requirements of Rule 8(a). The Supreme Court has interpreted this rule to require that a complaint "contain sufficient factual matter … to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*Marquez v. Flextronics Am., LLC*, No. 12-61520-Civ, 2013 WL 5448072, at *3 (S.D. Fla. Sept. 30, 2013). It is imperative that such a "deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Under this standard, Plaintiffs' factual allegations must "raise a right to relief above the speculative level[,]" *Twombly*, 550 U.S. at 555, and put forth "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions" and other threadbare recitals of a claim do not suffice and must be disregarded. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555); *Scobie v. Taylor*, No. 13-60457-Civ., 2013 WL 3776270, at *1 (S.D. Fla. July 17, 2013) (citing *Iqbal*, 556 U.S. at 678). As explained below, even taking all of the Plaintiffs' allegations as true, the Complaint, resting on generalities, fails to meet even these basic pleading requirements of Rule 8(a).

Furthermore, when a claim sounds in fraud—as Plaintiffs' FDUTPA claim does—the supporting allegations must satisfy Rule 9(b)'s heightened pleading requirements. Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, the complaint must allege "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1222 (11th Cir. 2012) (internal citation and quotation marks omitted). As further explained below, Plaintiffs have failed to plead their FDUTPA claim with Rule 9(b) particularity, and it therefore must be dismissed.

## II. PLAINTIFFS FAIL TO ADEQUATELY PLEAD A FDUTPA CLAIM

The allegations set forth in Plaintiffs' Complaint are insufficient to show that Nordyne violated FDUTPA. In order to state a claim under FDUTPA, a plaintiff must plead: "(i) an unfair or deceptive act or practice, (ii) causation, and (iii) actual damages." *See Beale v. Biomet, Inc.*, 492 F. Supp. 2d 1360, 1373 (S.D. Fla. 2007). Plaintiffs' FDUTPA claim fails for three reasons. First, even under Rule 8(a)'s lenient pleading standard, Plaintiffs fail to adequately plead an unfair or deceptive act or practice. Second, Plaintiffs similarly fail to adequately plead causation under Rule 8(a). Third, because Plaintiffs frame their FDUTPA claim in terms of alleged misrepresentations, *see* Compl. ¶¶ 62-66, the claim sounds in fraud, and the factual allegations supporting it must therefore satisfy Rule 9(b)'s particularity requirements. Plaintiffs' FDUTPA allegations miss this heightened pleading bar. For these reasons, Plaintiffs' FDUTPA claim must be dismissed.

### A. Plaintiffs Do Not Identify Any Alleged Unfair or Deceptive Act or Practice

Plaintiffs' FDUTPA claim fails because it does not allege an unfair or deceptive act or practice on Nordyne's part—a necessary element of the claim. An unfair practice is one that "offends established public policy, is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1145 (M.D. Fla. 2007); *see also PNR, Inc. v. Beacon Property Management, Inc.*, 842 So.2d 773, 777 (Fla. 2003). This strong language encompasses only egregious conduct such as Sherman Act conspiracies, *see In re Fla. Cement & Concrete Antitrust Litig.*, 746 F. Supp. 2d 1291, 1321 (S.D. Fla. 2010), predatory lending practices, *see Scott v. Capital One Bank & Capital One Servs.*, No. 8:08-cv-132-T-30-EAJ, 2008 WL 2157037, *2-3 (M.D. Fla. May 20, 2008), and selling "useless and obsolete" equipment. *See H & J Paving of Fla., Inc. v. Nextel, Inc.*, 849 So.2d 1099, 1100 (Fla. 3d DCA 2003). No such conduct has been alleged here. In

fact, the only specific factual allegations in Plaintiffs' Complaint indicate that contrary to behaving egregiously, Nordyne openly disclosed any potential problems affecting its evaporator coils.

Aside from this, Plaintiffs formulaically recite the legal standard for a FDUTPA claim, repeatedly labelling Nordyne's alleged conduct as "unfair" and "deceptive," without substantiating these conclusions. *See* Compl. ¶¶ 62, 63, 64, 65, 67, 68. These are merely unsupported legal conclusions that do not provide sufficient notice to Nordyne about Plaintiffs' specific allegations, nor do they "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678. They should be disregarded.

The only paragraph of their Complaint that purportedly offers any factual support for Plaintiffs' FDUTPA claim derives from generalized, standard, and subjective statements that Nordyne allegedly made about the quality of its products. Plaintiffs hold out as deceptive Nordyne's alleged statement that it is a "trusted name in the industry," that it has been "designing and manufacturing reliable heating and cooling products for more than 90 years," and that it "focuses on creating genuine value for its customers through a unique combination of innovation, product performance and responsive support." Compl. ¶ 11.

These statements are nothing more than quintessential examples of opinion or puffery, which are not actionable under FDUTPA. *See, e.g.*, *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1341-42 (S.D. Fla. 2012) (finding that mere puffery does not support a FDUTPA claim). Indeed, the types of statements on which Plaintiffs rely are precisely the types of statements courts have held constitute non-actionable puffery. For example, courts have held that representations equating to "boastful statements of opinion and sales talk … are merely aspirational goals and not [actionable] statements of fact." *Aprigliano v. Am. Honda Motor Co.*,

979 F. Supp. 2d 1331, 1341 (S.D. Fla. 2013); *see also Cutsforth v. Renschler*, 235 F. Supp. 2d 1216, 1238 (M.D. Fla. 2002) (a statement that a corporate acquisition "adds value for our consumers" is mere puffery); *Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 931 (C.D. Cal. 1996) ("a vague statement that [ ] machines are 'reliable' [is] a claim incapable of objective verification and not expected to induce reasonable consumer reliance"); *In re Heartland Payment Sys., Customer Data Sec. Breach Litig.*, 834 F. Supp. 2d 566, 592 (S.D. Tex. 2011) ("Heartland's slogans—'The Highest Standards' and 'The Most Trusted Transactions'—are puffery on which the Financial Institution Plaintiffs could not reasonably rely."). Because the statements on which Plaintiffs rely are mere puffery, they cannot support a FDUTPA claim.

Plaintiffs are equally unsuccessful at pleading an actionable omission on Nordyne's part. Although they repeatedly allege that Nordyne failed to disclose supposed coil defects, *see* Compl. ¶¶ 3, 20, 22, 23, 26-29, 56, 62-64, this naked assertion is belied by the Complaint itself. Specifically, Plaintiffs themselves *admit* that Nordyne explicitly warned of the possibility and consequences of formicary corrosion. *See* Compl. ¶ 19. Plaintiffs further admit that Nordyne alerted consumers to the possibility of repair or replacement of evaporator coils. *See id.* Importantly, Plaintiffs admit that Nordyne's warnings were made *at the same time* Nordyne was placing its product into the stream of commerce. *See id.*

To bring a FDUTPA claim, "a plaintiff must show the potential deception of 'consumers acting reasonably in the circumstances' rather than just any consumers." *Montgomery v. New Piper Aircraft, Inc.*, No. 00-14284-CIV, 2002 U.S. Dist. LEXIS 18198, *15-16 (S.D. Fla. Aug. 6, 2002). But here, Plaintiffs' own allegations show that any reasonable consumer would not have been deceived by Nordyne. That is, no reasonable consumer would have been deceived about

the possibility or consequences of formicary corrosion when, as Plaintiffs concede, Nordyne posted on its website an explicit warning addressing those topics. *See Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1285 (11th Cir. 2007) (dismissing a FDUTPA claim where "no reasonable purchaser would believe" that an agreement meant something inconsistent with its express terms); *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1343 (S.D. Fla. 2011) (denying a FDUTPA claim because no reasonable consumer would be deceived where the allegedly deceptive loan terms were disclosed to the borrower). Thus, Plaintiffs' own allegations demonstrate that Nordyne did not commit a deceptive act.

### B. Plaintiffs Fail to Establish Causation

Plaintiffs' FDUTPA claim suffers from another related fatal flaw: it fails to allege the required element of legal causation. To properly allege a FDUTPA violation, a plaintiff must plead injury "as a result of" some unfair method of competition, unconscionable act or practice, or unfair or deceptive act or practice. Fla. Stat. §§ 501.204(1), 501.211(2). Although Florida courts are divided over whether a FDUTPA plaintiff must show individual, actual proof of reliance (*compare Montgomery v. New Piper Aircraft*, 209 F.R.D. 221, 229 (S.D. Fla. 2002) ("[I]n order to prove liability under FDUTPA, the Court must determine that (1) each putative class member was exposed to the Defendants' advertising and marketing materials alleged to constitute a deceptive trade practice and (2) if exposed, the advertising and marketing materials caused each putative class member damage."), *with Gavron v. Weather Shield Mfg.*, 819 F. Supp. 2d 1297, 1301 (S.D. Fla. 2011) (concluding that the plaintiff need not allege individual reliance to state a FDUTPA claim)), a plaintiff must, at a minimum, "prove that an objective reasonable person would have been deceived." *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279, 1283

(11th Cir. 2011).[2] Here, Plaintiffs fail to meet *either* standard: actual reliance or the objective possibility of reliance by any reasonable consumer.

Critically, the Complaint does not allege that Plaintiffs, or any other consumer, read or heard a single statement of Nordyne's, let alone that they were directly injured "as a result" of such statements. *See* Fla. Stat. 501.211(2). The mere fact that Plaintiffs purchased an HVAC system manufactured by Nordyne does not suffice to properly plead the causation element of a FDUTPA claim. As the Court in *Jovine v. Abbott Labs., Inc.*, made clear, "[a]lthough a consumer may buy a product because he relied on a representation, it does not follow that a consumer relied on a representation because he purchased a product." 795 F. Supp. 2d 1331, 1339 (S.D. Fla. 2011).

All that Plaintiffs *do* plead regarding causation is that, on the basis of a general, subjective statement allegedly made by Nordyne about the company's history and goals, consumers would expect their HVAC systems to function properly. Specifically, the Complaint states:

> Nordyne represents itself to the public as a "trusted name in the industry" that has been "designing and manufacturing reliable heating and cooling products for more than 90 years." Nordyne further represents that it "focuses on creating genuine value for its customers through a unique combination of innovation, product performance and responsive support." **Accordingly**, Plaintiffs and putative Class Members reasonably expected Nordyne's HVAC systems to function properly and be reliable and of high quality.

---

[2] Even under the latter standard, the "factual circumstances that counsel a reasonable person to act in a particular way or hold a particular belief," such as their reasons for purchasing the product or their exposure to the representations, should be considered. *In re Motions to Certify Classes against Court Reporting Firms for Charges Relating to Word Indices*, 715 F. Supp. 2d 1265, 1281-83 (S.D. Fla. 2010); *see also Montgomery*, 209 F.R.D. at 229 ("In order to prove liability under FDUTPA, the Court must determine that [ ] each putative class member was exposed to the Defendants' advertising and marketing materials alleged to constitute a deceptive trade practice.").

Compl. ¶ 11 (emphasis added). This is an attempt to plead causation by way of the word "[a]ccordingly"—it forms the only link between Nordyne's alleged statements and Plaintiffs' and putative Class Members' supposed expectations. *Id.* Yet, even before *Twombly* and *Iqbal*, use of such legal buzzwords was clearly inadequate to plead FDUTPA causation. *See Lydia Sec. Monitoring, Inc. v. Alarm One, Inc.*, No. 07-80145-CIV, 2007 WL 2446889, at *5 (S.D. Fla. Aug. 23, 2007) ("Merely stating 'as a result' does not provide sufficient allegations to show causation in an FDUTPA claim."); *see also Kais v. Mansiana Ocean Residences, LLC*, No. 08-21492-CIV, 2009 U.S. Dist. LEXIS 25417, at *2 (S.D. Fla. Mar. 26, 2009) (holding that the plaintiff failed to plead causation under FDUTPA by not stating how "these alleged deceptive acts caused him … to act differently in any way"). Plaintiffs' speculative, unfounded conclusion that purchasers' expectations followed necessarily from statements allegedly made by Nordyne does not establish legal causation and should be disregarded. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

### C. Plaintiffs Fail to Plead Their FDUTPA Claim With the Specificity Required by Federal Rule of Civil Procedure 9(b)

Plaintiffs' FDUTPA claim should also be dismissed because it is not alleged with the sufficient detail required to successfully bring such a claim. Rule 9(b) dictates that a plaintiff must plead with particularity the "who, what, where, when, [and] how" of any alleged fraud. *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *3 (S.D. Fla. Sept. 23, 2011). This includes FDUTPA claims sounding in fraud. *See, e.g.*, *Perret*, 846 F. Supp. 2d at 1332-33 (dismissing a FDUTPA claim per Rule 9(b) for failing to state the date, time, and place of the allegedly fraudulent representations); *Llado-Carreno v. Guidant Corp.*, No. 09-20971-CIV, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011)

(recognizing that Rule 9(b) applies to "all claims that sound in fraud," including FDUTPA claims); *Begualg Inv. Mgmt.*, 2011 WL 4434891, at *5 (following *Llado-Carreno*); *Cannon v. Metro Ford, Inc.*, 242 F. Supp. 2d 1322, 1332 (S.D. Fla. 2002) (dismissing, under Rule 9(b), FDUTPA claims that "fail[ed] to plead with any particularity the circumstances constituting the purported fraud").

Measured against this heightened requirement, Plaintiffs' FDUTPA claim fails. Notably, the Complaint offers only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—the hallmark of an inadequate pleading. *Iqbal*, 556 U.S. at 678. Rather than stating the who, what, where, when, and how of the alleged fraud—as they must—Plaintiffs recite legal conclusions couched as factual allegations. *See, e.g.*, Compl. ¶ 63 ("Nordyne's actions constitute unconscionable, deceptive, or unfair acts or practices."); *id.* (stating that Nordyne engaged in "immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers"). Indeed, Plaintiffs make only general, baseless statements about Nordyne's alleged conduct. *See, e.g.*, *id.* ¶ 20 ("Nordyne failed to disclose or otherwise notify Plaintiffs and putative Class Members of problems inherent in its copper evaporator coils or that the coils were likely to fail, and in certain instances already had failed."); *id.* ¶ 63 ("Defendant Nordyne misrepresented and omitted material facts regarding the copper evaporator coils contained within their HVAC systems by failing to disclose known defects"). In particular, Plaintiffs offer no facts supporting the conclusion that Nordyne failed to disclose the possibility of evaporator coil failure and/or formicary corrosion. On the contrary, they concede that Nordyne disclosed these facts.

The *only* specific allegation of a supposedly fraudulent statement or representation concerns a general, subjective comment allegedly made by Nordyne about the company's history

and goals. *See* Compl. ¶ 11 ("Nordyne represents itself to the public as a 'trusted name in the industry' that has been 'designing and manufacturing reliable heating and cooling products for more than 90 years.' Nordyne further represents that it 'focuses on creating genuine value for its customers through a unique combination of innovation, product performance and responsive support.'"). As discussed more fully in Section II.A. *supra*, these statements are considered nothing more than mere puffery and are not sufficient to successfully plead a claim for fraud.

Furthermore, Plaintiffs do not plead with specificity when, where, and how these alleged statements were made by Nordyne, nor who specifically made the statements. In particular, even if such statements could be construed as possible misrepresentations (which they are not), Plaintiffs fail to plead with particularity whether they—or any other consumer for that matter—even viewed these statements prior to purchasing the allegedly defective products. A district court in the Middle District of Florida recently held that a plaintiff failed to plead its FDUTPA claim with sufficient particularity because of these very types of omissions. The court found that while the complaint "alleges facts as to the substance" of the defendants' alleged misrepresentations and concealments, it "fail[ed] to allege with specificity the time at which they occurred." Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co*, No. 3:12-cv-1366, *13-14 (M.D. Fla. Aug. 27, 2013). Moreover, the court found that the complaint failed to specify when the plaintiff viewed the alleged misrepresentations on the defendants' website, or even whether the plaintiff or any other consumer viewed these alleged misrepresentations at all before purchasing the allegedly defective products. *See id.* Just on the basis of failing to plead these facts with particularity, the court granted the defendants' motion to dismiss as to the plaintiff's FDUTPA claim. *See id.*

Ultimately, Plaintiffs have failed to satisfy Rule 9(b)'s heightened pleading requirement. For this reason and the reasons set forth above, Plaintiffs' FDUTPA claim should be dismissed.

## III. PLAINTIFFS CANNOT MAINTAIN A CLAIM FOR UNJUST ENRICHMENT

### A. Plaintiffs' Unjust Enrichment Claim Fails Because an Adequate Remedy at Law Exists

Plaintiffs' unjust enrichment claim must also be dismissed. Under Florida law, "unjust enrichment is an equitable remedy and is not available where an adequate legal remedy exists." *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511, 1518 (S.D. Fla. 1996); *see also Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236-37 (S.D. Fla. 2007) (dismissing plaintiffs' unjust enrichment claim because plaintiffs had an adequate remedy at law); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy."); *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. 3d DCA 1987) ("[T]he theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy."). Thus, in order to sustain an unjust enrichment claim, a party must "allege that he has no adequate remedy at law." *Denarii Sys., LLC v. Arab*, No. 12-24239-CIV, 2013 WL 6162825, at *6 (S.D. Fla. Nov. 25, 2013). Moreover, the preemption of an unjust enrichment claim does not depend on the likelihood of *prevailing* on available claims at law. Rather, the mere *availability* of another adequate remedy—here, the FDUTPA claim—is sufficient to preclude an unjust enrichment claim, irrespective of the other claim's ultimate fate. *See Speier-Roche v. Volkswagen Grp. of Am., Inc.*, No. 14-20107-CIV, 2014 WL 1745050, at *8 (S.D. Fla. Apr. 30, 2014) ("Plaintiff's failure to state a claim for breach of warranty does not save the unjust enrichment claim.").

Applying these principles, courts in this district have rejected unjust enrichment claims at the pleadings stage when they are predicated on the same allegations as FDUTPA claims because an adequate legal remedy exists. *See, e.g.*, *Prohias*, 490 F. Supp. 2d at 1237 ("[I]n their unjust enrichment claim, the plaintiffs seek recovery for the exact same wrongful conduct as in their consumer fraud act claim …. Accordingly, the plaintiffs' claims for unjust enrichment are dismissed."); *Am. Honda Motor Co.*, 390 F. Supp. 2d at 1178 ("The Defendants' [unjust enrichment] claim is predicated on the same set of allegations supporting their claims under FUTSA and FDUTPA. Accordingly, because an adequate remedy exists at law, the Defendants have not stated a claim upon which relief may be granted.").

Here, Plaintiffs plead claims both for alleged violations of FDUTPA and unjust enrichment. Critically, they base their unjust enrichment claim on exactly the same insufficient facts, circumstances, and allegations underlying their FDUTPA claim, shotgun-pleading a duplicative and inconsistent cause of action. *See Twombly*, 550 U.S. at 555; *Jovine*, 795 F. Supp. 2d at 1342. Indeed, "[o]ther than to parrot the elements of a cause of action for unjust enrichment," *Weaver v. Mateer & Harbert, P.A.*, No. 5:09-CV-514-Oc-34TBS, 2012 WL 3065362, *11 n. 29 (M.D. Fla. July 27, 2012), Plaintiffs' unjust enrichment claim adds nothing beyond their already-inadequate FDUTPA allegations. Plaintiffs do not even attempt to allege that an adequate legal remedy does not exist here, nor could they because "although a plaintiff ordinarily may plead in the alternative, here, if Plaintiff cannot prevail with his available legal remedies [which include recovery under FDUTPA], he cannot prevail on his unjust enrichment claim." *Jovine*, 795 F. Supp. 2d at 1342. In sum, because Plaintiffs' unjust enrichment claim relies on the exact same factual predicates and allegations that support their FDUTPA claim, Plaintiffs' unjust enrichment claim should be dismissed.

**B. The Existence of Express Warranties Dooms Plaintiffs' Unjust Enrichment <u>Claim</u>**

Under Florida law, an unjust enrichment claim must be dismissed if it is undisputed that an express contract exists. *See Speier-Roche*, 2014 WL 1745050 at *8 (an unjust enrichment claim can be pled only "if one or more parties contest the existence of an express contract governing the subject of the dispute"); *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (holding that the existence of an express contract necessarily precludes an unjust enrichment claim); *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000) (unjust enrichment "cannot be awarded when an enforceable contract exists"). In *Speier-Roche*, the court made clear that an express warranty constitutes the very type of contract warranting the dismissal of an unjust enrichment claim. 2014 WL 1745050 at *8 ("Here, because there is an express warranty governing Plaintiff's rights, her unjust enrichment claim must fail.").

Notably, the mere *existence* of an express contract governing the subject of the dispute, *regardless of whether a plaintiff actually claims breach of contract*, can defeat an unjust enrichment claim. As the *Speier-Roche* court held, "Plaintiff's failure to state a claim for breach of warranty does not save the unjust enrichment claim." 2014 WL 1745050 at *8; *see also BAC Fin. Servs., Inc., v. Multinational Life Ins. Co.*, No. 13-21529, 2013 WL 5929428, *4 (S.D. Fla. Nov. 5, 2013) (dismissing an unjust enrichment claim where the underlying conduct related to express insurance contracts, even though the plaintiff did not allege breach of those contracts, because "an unjust-enrichment claim lies only in the absence of an express contract."); *Gary v. D. Agustini & Asociados, S.A.*, 865 F. Supp. 818, 827 (S.D. Fla. 1994) (dismissing an unjust enrichment claim where the plaintiff "*may* seek a contractual remedy," though he had not done so) (emphasis added); *Allyn v. CNL Lifestyle Props., Inc.*, No. 6:13-cv-132-Orl-36GJK, 2013

WL 6439383, *3, *6-7 (M.D. Fla. Nov. 27, 2013) (dismissing an unjust enrichment claim that "concern[ed] the same subject matter" as the investment contract that the plaintiffs executed, despite the fact that they did not allege breach of the investment contract). This outcome follows from the fact that unjust enrichment is "based on a legal fiction created by courts to imply a 'contract' as a matter of law." *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). Here, both Plaintiffs Harris and Stark allege the existence of an express warranty covering their respective HVAC systems. *See* Compl. ¶¶ 37, 45.

For these reasons, Plaintiffs' fail to state a claim for unjust enrichment, and the claim must be dismissed.

## IV. PLAINTIFFS HAVE NOT ADEQUATELY PLED DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(d)

Plaintiffs purport to invoke diversity jurisdiction under 28 U.S.C. §1332(d). In order to do so, they must prove, at a minimum, that at least one plaintiff and one defendant are citizens of different states. 28 U.S.C. §1332(d)(2). As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" *Flintlock Constr. Servs. v. Well-Come Holdings*, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Engrs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). Where a party fails to do so, Florida courts will routinely dismiss the complaint for lack of jurisdiction. *See e.g., Wells Fargo Bank Nat'l Ass'n v. Procorp Enters., LLC*, No. 2:14-cv-273, 2014 WL 2118881 (M.D. Fla. May 21, 2014); *see also Cebrian v. Robert H. Ballard Rehab. Hosp.*, No. ED CV 13-2149, 2013 U.S. Dist. LEXIS 173184 (C.D. Cal. Dec. 6, 2013) (finding that the removing party failed to meet its burden to demonstrate diversity

jurisdiction pursuant to §1332(d) because it failed to allege the citizenship of each of the members of an LLC party).

Here, Plaintiffs have not pled the citizenship of *any* of the members of Nordyne. Indeed, they have not even pled what they allege is Nordyne's principal place of business—the way in which the citizenship of a typical corporation is determined. *See Postell v. Ryder Truck Rental, Inc.*, 512 Fed. App'x 977, 980 (11th Cir. 2013) ("A corporation is deemed a citizen of any state in which it is incorporated and the state in which it has its principal place of business."). Thus, they have not sufficiently established diversity jurisdiction under section 1332(d). Accordingly, their Complaint must be dismissed for lack of jurisdiction.

## CONCLUSION

For all of the foregoing reasons, Nordyne respectfully requests that the Court grant Nordyne's motion to dismiss in its entirety and dismiss the Plaintiffs' Class Action Complaint, with prejudice, together with such relief as this Court deems just and proper.

Dated: July 18, 2014

/s/ Edward Soto
Edward Soto (Fla. Bar No. 0265144)
Edward.Soto@weil.com
Pravin Patel (Fla. Bar No. 0099939)
Pravin.Patel@Weil.com
Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Fax: (305) 374-7159

Arvin Maskin (*pro hac vice* pending)
Arvin.Maskin@weil.com
Melody E. Akhavan (*pro hac vice* pending)
Melody.Akhavan@weil.com
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Nordyne, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

/s/ Edward Soto

Edward Soto (Fla. Bar No. 0265144)
Edward.Soto@weil.com
Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Fax: (305) 374-7159

*Attorneys for Nordyne, LLC*