UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-21884-BLOOM/Valle

DEBRA HARRIS and BARBARA
STARK, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

vs.

NORDYNE, LLC,

    Defendant.
_____/

### ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Nordyne, LLC's ("Defendant") Motion to Dismiss, ECF No. [10] (the "Motion") Plaintiffs Debra Harris and Barbara Stark's ("Plaintiffs") Complaint, ECF No. [1]. Plaintiffs timely responded, ECF No. [25] (the "Response"), and Defendant timely replied, ECF No. [27] (the "Reply"). The Court has reviewed the Motion, all supporting and opposing filings, oral arguments held before the Court on November 7, 2014, and the record in this case, and is otherwise fully advised as to the premises. For the reasons set forth below, the Court grants the Motion.

#### I. BACKGROUND

Plaintiffs filed a class action complaint on behalf of themselves and other similarly situated Florida consumers who purchased residential heating, ventilation and air conditioning ("HVAC") systems manufactured, distributed and sold by Defendant (under various trade names). Defendant manufactures, delivers and sells consumer heating and cooling systems under brand names which include Broan, Frigidaire, Maytag and Westinghouse, among others.

Compl. ¶ 7.  Defendant "represented itself to the public as a 'trusted name in the industry' [that] focused on creating genuine value for its customers.'" *Id*. ¶ 11.  Plaintiffs allege that the HVAC units they and potential class plaintiffs purchased included defective copper evaporator coils that caused the units to prematurely fail.  *Id*.  ¶ 2-4.  Plaintiffs allege that consumers, as a result, suffered damages in that they would have paid less for the units or would not have purchased them, paid higher utility bills, and paid associated repair and labor costs.  *Id*.

An HVAC unit's evaporator coil consists of metal tubing with fins and is filled with refrigerant.  *Id*.  ¶ 12-13.  When air passes over the coil, the refrigerant absorbs heat from the air and sends cooled air into the home.  *Id*.  Refrigerant is not consumed in the process.  *Id*.  Copper is susceptible to formicary corrosion, which ultimately causes copper coils used in an evaporator coil to fail and the coil to leak refrigerant.  *Id*. ¶ 18.  This prevents the HVAC system from generating cool air, and requires consumers to prematurely and repeatedly refill the unit with refrigerant.  *Id*.  In recognition of this industry-known vulnerability, certain HVAC manufacturers transitioned from copper to aluminum coils as early as 2005.  *Id*. ¶ 19.  In addition, due to environmental regulations regarding refrigerants, HVAC manufacturers phased out certain refrigerants and phased in refrigerants which work at higher operating pressures, in effect requiring coils designed for the higher pressure refrigerants.  *Id*. ¶ 14-16.

Plaintiffs allege that Defendant's evaporator coils were materially defective in their design or manufacturing, resulting in premature and repeated leakage of refrigerant, and consequent failure of the HVAC systems.  *Id*. ¶ 19-22.  Plaintiffs allege that Defendant knew about the defective copper coils.  *Id*.  Specifically, "[a]t the same time that [Defendant] was placing defective copper evaporator coils into the stream of commerce, [Defendant] conceded on its Web site that the 'copper alloy that these coils are made out of is susceptible to [formicary

corrosion]' and that '[u]ltimately they mean that refrigerant will leak out of the coils and result in a costly repair or replacement.'"  *Id*. ¶ 19.  Plaintiffs allege that, despite that knowledge, Defendant continued to manufacture problematic copper coils, vulnerable to formicary corrosion or tubing too thin to retain the higher pressure refrigerant, through at least 2012.  *Id*.  As a result, the coils prematurely failed, causing refrigerant to leak and preventing the HVAC systems from generating cool air, their primary function.  *Id*. ¶¶ 20-27.  Finally, Plaintiffs allege that Defendant failed to disclose this undetectable defect to consumers, which ultimately resulted in the damages suffered by Plaintiffs.  *Id*. ¶¶ 28-30.

As to Plaintiff Harris, when her HVAC system failed, "new aluminum evaporator coils were replaced free-of-charge under [Defendant's] express limited warranty.  However, the [] refrigerant and labor were not covered under Defendant's five-year limited warranty, causing Harris to pay $280.00 out-of-pocket to [the retailer] for the refrigerant and labor necessitated by the defective copper evaporator coils."  *Id*. ¶ 37.  Plaintiff Stark's HVAC system was not compatible with aluminum evaporator coils, necessitating the replacement of her system's defective copper coils with identical copper coils that Plaintiffs allege will prove in time equally defective. *Id*. ¶¶ 44-47.

Plaintiffs purported class action Complaint asserts two claims:  violation of the Florida Unfair and Deceptive Trade Practice Act, Fla. Stat. § 501.201 *et seq*. ("FDUPTA"), and unjust enrichment.

## II. DISCUSSION

Defendant contends that Plaintiffs' Complaint must be dismissed both for its failure to adequately state a claim as to either count, and for failure to adequately plead diversity jurisdiction under 28 U.S.C. § 1332(d).  The Court will address each issue in turn.

### A. Standard for Dismissal for Failure to State a Claim

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." ); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts

contained in the complaint and attached exhibits, but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### B. Plaintiffs Adequately State Their FDUTPA Claim

Defendant argues that Plaintiffs' FDUTPA claim must be dismissed for failure to plead with particularity as required under Fed. R. Civ. P. 9(b), and for failure to adequately allege an unfair or deceptive act or omission, or causation, as required to state a claim under the statute.

#### 1. Rule 9(b) Does Not Apply to Plaintiffs' FDUTPA Claim

##### a. Rule 9(b) Heightened Pleading Standard

In addition to the Rule 8(a) plausibility pleading requirement generally applied on a motion to dismiss, Rule 9(b) imposes a heightened pleading standard for claims which sound in fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) thus forces a plaintiff to "offer more than mere conjecture," *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d

5

1301, 1313 (11th Cir. 2002), and "requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed. App'x 81, 86 (11th Cir. 2008).  "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  *Clausen*, 290 F.3d at 1310 (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (Rule 9(b) requires that the complaint state the "who, what, when where, and how" of the alleged misconduct).  However, "Rule 9(b) must be read in conjunction with Rule 8(a), which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief."  *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

The Rule 9(b) particularity requirement serves to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior."  *Zeimba*, 256 F.3d at 1202 (internal quotations omitted); *Haynes v. JPMorgan Chase Bank, N.A.*, 466 Fed. App'x 763, 765 (11th Cir. 2012) (same).  "Essentially, the requirements of Rule 9(b) are satisfied if the complaint provides a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud such that the defendants have fair notice of the nature of plaintiff's claim and the grounds upon which it is based."  *U.S. ex rel. Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1033 (S.D. Fla. 2007) (quotations omitted); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273,

1277 (11th Cir. 2006) ("The rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . .") (quotations omitted); *Antilles Trading Co., S.A. v. Scientific-Atlanta, Inc.*, 117 F.R.D. 447, 450 (N.D. Ga. 1986) ("[I]n considering a motion to dismiss for failure to plead fraud with particularity, a court must carefully consider whether the goals of Rule 9(b) will be advanced").

### b. Rule 9(b) Does Not Apply to FDUTPA Claims

Defendant maintains that Plaintiffs' FDUTPA claim must meet the heightened pleading requirements of Rule 9(b). Plaintiffs argues that FDUTPA claims are subject only the plausibility standard imposed by Rule 8. Indeed, courts within this District are split on the issue.

One line of cases hold that Rule 9(b) applies to the extent that the FDUTPA claim at issue is based in fraud. *See Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) ("The particularity requirement of Rule 9(b) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law."); *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012) ("The rule does not state that it only applies to claims for fraud; it says it applies to allegations of fraud. While not all claims under FDUTPA will be based on fraud, Plaintiffs' claim is."); *Begualg Inv. Management Inc. v. Four Seasons Hotel Ltd.*, 2011 WL 4434891 (S.D. Fla. Sep. 23, 2011 (following *Llado*, held that "the averments in the complaint describe fraudulent conduct and thus, Rule 9(b) applies"); *see also SIG, Inc. v. AT & T Digital Life, Inc.*, 971 F. Supp. 2d 1178, 1195 (S.D. Fla. 2013) ("FDUTPA claims can be based on deceptive or unfair practices that do not involve fraud, such as the FTC regulatory violations alleged here, and need not be pled with particularity."); *In re Brican Am. LLC Equipment Lease Litig.*, 2014 WL 250246, at *10 (S.D.

Fla. Jan. 22, 2014) ("A FDUTPA claim based on deceptive or unfair practices that do not involve fraud is exempt from the particularity requirements of Rule 9(b).").

This Court joins several decisions in holding that the requirements of Rule 9(b) categorically do not apply to claims under FDUTPA.  *See*, *e.g.*, *Toback v. GNC Holdings, Inc.*, 2013 WL 5206103, at *2 (S.D. Fla. Sep. 13, 2013) (Rule 9(b) does not apply to FDUTPA claims); *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1058 (S.D. Fla. 2009) (same); *Sanchez-Knutson v. Ford Motor Co.*, 2014 WL 5139306, at *15 (S.D. Fla. Oct. 7, 2014) (same); *U.S. Bank N.A. v. Capparelli*, 2014 WL 2807648, at *5 (S.D. Fla. Jun. 20, 2014) ("Rule 9(b) does not apply to FDUTPA claims, its requirements cannot serve as a basis to dismiss those claims."); *Costa v. Kerzner Int'l Resorts, Inc.*, 2011 WL 2519244, at *2 (S.D. Fla. Jun. 23, 2011) ("[A] FDUTPA plaintiff need not meet the Rule 9(b) pleading standard for fraud claims.").

FDUTPA claims seek a remedy for conduct distinct from traditional common law torts such as fraud. As such, the uniqueness of the cause of action place it outside the ambit of Rule 9(b).  "FDUTPA is a remedial statute deigned to protect consumers."  *Fonte v. AT&T Wireless Servs., Inc.*, 903 So. 2d 1019, 1024 (Fla. 4th DCA 2005).  FDUPTA itself instructs courts to construe its provisions "liberally."  Fla. Stat. § 501.202(2); *see  Intercoastal Realty, Inc. v. Tracy*, 706 F. Supp. 2d 1325, 1333 (S.D. Fla. 2010).  "FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts such as fraud," *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1355 (S.D. Fla. 2012); *Florida v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1310 (S.D. Fla. 2005), which is why a FDUTPA "plaintiff need not prove the elements of fraud to sustain an action under the statute." *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000)).  And, as Florida courts explain, "[a] deceptive or unfair trade practice

constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue." *Office of A.G., Dep't of Legal Affairs v. Wyndham Int'l, Inc.*, 869 So. 2d 592, 598 (Fla. 1st DCA 2004). Therefore, even where a FDUTPA claim includes allegations which implicate fraudulent conduct, it need not meet the heightened pleading requirements of Rule 9(b).

This holding is reinforced by analogy. Courts here and elsewhere have declined to apply the Rule 9(b) requirements to, for example, claims of constructive fraud, which do not require proof of a knowingly false action by the defendant directed to and relied upon by the plaintiff. *See*, *e.g.*, *Special Purpose Accounts Receivable Co-op. Corp. v. Prime One Capital Co.*, 2007 WL 2826603, at *5 (S.D. Fla. Sep. 25, 2007) (finding Rule 9(b) applies to claims of actual fraudulent transfers, but not claims of constructive fraudulent transfers); *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, 2008 WL 660100, at *6 (S.D. Fla. Mar. 7, 2008) ("Unlike common law fraud claims, fraudulent transfer claims are asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction."). Likewise, so-called "nonfraud" securities law violations – claims which do not require proof of fraud or scienter – need not be pled with particularity. *See Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1277-78 (11th Cir. 2006) (where facts alleged in section 11 claim are not part of a separate fraud claim, plaintiff avoids the heighted pleading requirement).

Furthermore, requiring plaintiffs to plead FDUTA claims with particularity would not advance the primary goals of Rule 9(b). FDUTPA's elements are more particularized than those of common law fraud. A complaint which states plausible allegations of a deceptive or unfair practice in the course of trade or commerce and resultant damages will generally put a FDUTPA

defendant on fair notice of the nature of plaintiff's claim and the grounds upon which it is based, without the risk of subjecting the defendant to specious claims of impropriety.[1]

Because Rule 9(b) does not apply to FDUTPA claims, its requirements cannot serve as a basis to dismiss Plaintiffs' FDUTPA claim here. As addressed below, the claim is otherwise plausibly stated in accordance with *Iqbal/Twombly* standard.

### 2. Plaintiffs Adequately Allege a FDUTPA Violation

A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages. *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006); *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. 5th DCA 2008). Defendant argues that Plaintiffs have failed to identify an unfair or deceptive act or omission and to allege the required element of causation.

#### a. Plaintiffs Adequately Allege an Unfair or Deceptive Act or Omission

Defendant argues, first, that the alleged conduct complained of fails to rise to a level "egregious" enough to merit FDUPTA protection and, second, by virtue of the admission in their Complaint that Defendant publicized on its website the susceptibility of its HVAC units to formicary corrosion and breakdown, Plaintiffs cannot maintain that Defendant concealed or failed to disclose that defect.

---

[1] The circumstances here are a case in point. At its core, Plaintiffs' FDUTPA claim is grounded in an alleged deceptive omission by failure to disclose. Taking the basic allegation of non-disclosure as true, when and to what extent Defendant misled Plaintiffs and other consumers will affect class composition and, of course, whether that non-disclosure was "deceptive" within the meaning of the statute. But Defendant already knows the contours of Plaintiffs' claim. Requiring Plaintiffs to amend their complaint to state when and how broadly Defendant declined to inform its consuming public about the alleged product defects won't better inform Defendant of its alleged misconduct. It will only serve to push some discovery (e.g., when Defendant's website information went up) onto Plaintiffs and into the pre-pleading phase. Query, in any event, what more Plaintiffs would need to do here other that state that, upon information and belief, Defendant never adequately informed consumers about the susceptibility of their defective copper coils to formicary corrosion during the entire class period. Plaintiffs have intimated as much in their papers, e.g., that Plaintiffs themselves never saw Defendant's website "disclosure" and that such disclosure was, in any event, insufficient.

Defendant construes too narrowly the type of conduct actionable under FDUTPA. *See* Mtn. at 6 (stating "strong language [in FDUTPA] encompasses only egregious conduct such as Sherman Act conspiracies, predatory lending practices and selling 'useless and obsolete' equipment"). Its coverage is "extremely broad," and has been applied to class action claims alleging failure to disclose relatively benign product defects. *See Citibank (S. Dakota) N.A. v. Nat'l Arbitration Council, Inc.*, 2006 WL 2691528, at *3 (M.D. Fla. Sept. 19, 2006) (finding that "[s]ince FDUTPA does not clearly define what constitutes "unfair and deceptive," courts have held that the statute should be construed liberally, and that the concept should be regarded as extremely broad") (citations omitted); *Matthews v. Am. Honda Motor Co.*, 2012 WL 2520675, at **2-3 (S.D. Fla. June 6, 2012) (maintaining FDUTPA claim where plaintiff alleged that defendant manufactured and sold cars with a "defect causing paint discoloration and delamination," explaining that "Florida courts have recognized that a FDUTPA claim is stated where the defendant knowingly fails to disclose a material defect that diminishes a product's value"); *Davis*, 776 So. 2d at 972 (certifying class under FDUTPA where plaintiffs alleged defendant sold name brand cellular cellphones to subscribers without informing them that the phones had been programmed to work only with defendant's wireless communication service).

More important, Plaintiffs allege a plausible deceptive omission despite the fact, as alleged, that Defendant itself highlighted the central product defect on its website.[2] "Deception [for FDUTPA purposes] 'occurs if there is a representation, *omission*, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems USA, Inc.*,

---

[2] The Court notes that, while both parties have focused on Defendant's disclosure or non-disclosure of formicary corrosion, the Complaint also indicates that the coils in Defendant's HVAC systems were not thick enough (possibly in conjunction with, but plausibly regardless of, the corrosion) to withstand newer and higher-pressured refrigerants.

2005 WL 975773, *8 (S.D. Fla. Mar.4, 2005) (quoting *PNR, Inc. v. Beacon Prop. Mgmt. Inc.*, 842 So.2d 773, 777 (Fla. 2003)) (emphasis added). Plaintiffs allege both that Defendant concealed and failed to disclose to consumers that its HVAC systems had defective evaporator coils, and that Defendant "conceded" the susceptibility of its systems to that defect on its website. Plaintiffs' FDUTPA claim survives in between those two alleged facts. First, whether the website information precludes a finding that a "consumer acting reasonably in the circumstances" was likely to have been misled by Defendant's conduct is a factual issue not presented here and not appropriate for consideration on a motion to dismiss. Plaintiffs allege that they (and others similarly situated) did not know about the defect, despite the information on Defendant's website. That allegation is plausible. Whether it withstands scrutiny is a matter for discovery and summary judgment or trial. Second, there is a space in Plaintiffs' allegations between when Defendant became aware of the defect and when it made its disclosure, during which (and potentially even after which) Plaintiffs and potential class members purchased HVAC units unaware of the defect. Again, Plaintiffs are not required to plead their FDUTPA claim with particularity. Therefore, it is not Plaintiffs' burden to allege in their Complaint specifically when Defendant publicized the defect and when or if potential class members became aware of it.[3] Given the notice pleading standard, Plaintiffs' claim is plausibly stated.

---

[3] Because Plaintiffs' claim survives on the basis of Defendant's alleged omission/non-disclosure, the Court need not address whether Plaintiffs have additionally stated an actionable representation by Defendant in violation of FDUTPA. Defendant's statements replicated in the Complaint that it is a "trusted name in the industry" which "focuses on creating genuine value for its customers" does appear to amount to nothing more than opinion or puffery, which cannot substantiate a FDUTPA claim. *See Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1341 (S.D. Fla. 2013) ("boastful statements of opinion and sales talk . . . are merely aspirational goals and not [actionable] statements of fact"); *Cutsforth v. Renschler*, 235 F. Supp. 2d 1216, 1238 (M.D. Fla. 2002) (a statement that a corporate acquisition "adds value for our consumers" is mere puffery). However, Plaintiffs chose to support their Complaint by focusing on Defendant's alleged omission. That (ultimately successful) litigation tactic does not operate to concede the argument, if later supported by facts, that Defendant made actionably deceptive representations. *Cf. Brady v. Medtronic, Inc.*, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) (conceding claims, not certain arguments in favor of claims, by failing to address or support them).

### b. Plaintiffs Adequately Allege Causation

Finally, Plaintiff has adequately alleged that Defendant's omissions were likely to deceive a consumer acting reasonably under the circumstances. Reliance is not required for causation under FDUTPA. "When addressing a deceptive or unfair trade practice claim, the issue is not whether the plaintiff actually relied on the alleged practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances." *Gold Coast Racing, Inc. v. The Home Depot U.S.A., Inc.*, 2006 WL 4579688, at *2 (S.D. Fla. Feb. 6, 2006). Plaintiffs allege that when class members bought their HVAC systems, they reasonably believed that they would function as intended; that Defendant concealed the corrosion defect that preluded that functionality; and that, had the class members known about the defect, they would not have purchased or would have paid less for the systems. A FDUTPA claim is properly stated under those conditions. *See*, *e.g.*, *Matthews v. Am. Honda Motor Co.*, 2012 WL 2520675, at **2-3 (S.D. Fla. June 6, 2012) ("Florida courts have recognized that a FDUTPA claim is stated where the defendant knowingly fails to disclose a material defect that diminishes a product's value.") (citing *Davis.*, 776 So. 2d at 973).

### C. Plaintiffs State a Claim For Unjust Enrichment

Defendant contends that Plaintiffs' unjust enrichment claim is precluded due to an adequate remedy alleged and an express contract that governs the parties' dispute.

Defendant first argues that Plaintiffs' unjust enrichment claim must be dismissed because an adequate remedy exists at law – namely, Plaintiffs' FDUTPA claim. There is some authority to that effect. *See*, *e.g.*, *Matthews v. Am. Honda Motor Co.*, 2012 WL 2520675, at *2 (S.D. Fla. June 6, 2012) (dismissing unjust enrichment claim: "[B]ecause [plaintiff's] unjust enrichment claim is predicated on the same wrongful conduct as her FDUTPA claim, she does not lack an adequate legal remedy.").

"It is generally true that equitable remedies are not available under Florida law when adequate legal remedies exist. However, that rule does not apply to unjust enrichment claims." *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 Fed. App'x 714, 722 (11th Cir. 2011) (citing *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998). "Rather, it is only upon a showing that an express contract exists between the parties that the unjust enrichment . . . count fails." *State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, 2011 WL 6450769, at *5 (M.D. Fla. Dec. 21, 2011) (quoting *State Farm v. Physicians*); *Williams*, 725 So. 2d 400 ("Until an express contract *is proven*, a motion to dismiss a claim for . . . unjust enrichment . . . is premature." (emphasis added)). "[T]o the extent that a plaintiff has adequate legal remedies under theories of liability other than a claim of breach of an express contract, those remedies do not bar an unjust enrichment claim."[4] *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1337 (S.D. Fla. 2013); *see also Marty v. Anheuser-Busch Companies, LLC*, 2014 WL 4388415, at *13 (S.D. Fla. Sept. 5, 2014) (refusing to dismiss unjust enrichment claim). Thus, the availability of Plaintiffs' FDUTPA claim does not require dismissal of its unjust enrichment claim.[5] *See Reilly v. Amy's Kitchen, Inc.*, 2013 WL 9638985, at *7 & n.3 (S.D. Fla. Dec. 9, 2013) ("Because the Eleventh Circuit has rejected the very argument Defendant makes in support of dismissal of the

---

[4] Some courts explain that unjust enrichment claims are not precluded by the availability of a legal remedy precisely because "a claim for unjust enrichment in Florida is an action at law, not equity." *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab Inc.*, 2011 WL 6338496, at *6 n.5 (M.D. Fla. Dec. 19, 2011) (citing *Am. Safety Ins. Srv., Inc. v. Griggs*, 959 So. 2d 322, 331 (Fla. 5th DCA 2007)).

[5] Whether Plaintiff is pleading its unjust enrichment claims "in the alternative" is irrelevant to this conclusion, even though the two claims rely on the same factual allegations. Those cases holding otherwise improperly require a complete absence of an adequate remedy at law to state a claim for unjust enrichment. *See Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356-57 (S.D. Fla. 2012) ("The Court must dismiss Plaintiff's claim for unjust enrichment because she does not lack an adequate legal remedy. Despite Plaintiff's contention that her unjust enrichment claim is an alternative to her FDUTPA claim, Plaintiff seeks recovery for the exact same wrongful conduct as in her FDUTPA claim. Thus, if Defendant's [conduct] was deceptive, misleading or unlawful, causing damage to Plaintiff, she has an adequate remedy under Florida law."); *Licul v. Volkswagen Grp. of Am., Inc.*, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013) (dismissal premised on holding that unjust enrichment is "unavailable where the underlying wrongs are properly addressed by a legal remedy").

unjust enrichment claim, and there is no allegation that an express contract exists between the parties, the Court will deny the Motion as to the unjust enrichment claim."); *Feiner v. Innovation Ventures LLC*, 2013 WL 2386656, at *5 (S.D. Fla. May 30, 2013) ("[U]njust enrichment claims are available under Florida law even where adequate legal remedies exist."); *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1268 (N.D. Fla. 2012) ("[T]he existence of an adequate legal remedy does not preclude the Plaintiff from pleading unjust enrichment in the alternative.").

Defendant, however, argues that Plaintiffs cannot maintain their unjust enrichment claim under the facts as alleged here because an express contract does in fact govern the subject of Plaintiffs' dispute. "It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter." *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. 2d DCA 1984). Therefore, an "unjust enrichment claim [is] precluded by the existence of an express contract between the parties concerning the same subject matter. *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008). *See also Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1266 (M.D. Fla. 2013) ("In this case, it is undisputed by Plaintiff that an express mortgage contracts exists between Plaintiff and the Defendants. Even though Plaintiff argues that it is alleging the unjust enrichment claim in the alternative, . . . Plaintiff is not alleging that the contract is invalid. [Because] Plaintiff does not contest that there was a valid mortgage contract between the Parties[,] Plaintiffs claim for unjust enrichment fails."); *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) ("As there is a valid express contract that no party challenges, Plaintiff may not recover under unjust enrichment, and may not assert it as an alternative claim under Federal Rule 18."). Further, an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the

subject of the dispute. *Speier-Roche v. Volksw Agen Grp. of Am. Inc.*, 2014 WL 1745050, at *8 (S.D. Fla. Apr. 30, 2014).

Defendant has attached to its Reply (not, the Court notes, to its Motion) a copy of what it represents to be its "standard express warranty." ECF No. [27-1]. "[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess*, 433 F.3d at 1340. In their Complaint, Plaintiffs make explicit reference to express limited warranties on Defendant's HVAC units, and further allege that refrigerant and labor were not covered under those warranties. Nevertheless, the "standard express warranty" cannot alone defeat Plaintiffs' unjust enrichment claim.

First, the "standard express warranty" presented by Defendant may not be sufficiently "central" to Plaintiffs' claims to permit its consideration at this juncture. Second, and more important, Defendant has not established that the document they submit is the precise warranty which covered Plaintiffs or the putative class members' HVAC units. *An* express warranty may govern this dispute and vitiate Plaintiffs' claim for unjust enrichment. But, the Court cannot be certain *this* "standard express warranty" does. This alone may preclude the Court's consideration of the "standard express warranty" on Defendant's Motion to Dismiss. Third, unjust enrichment claims are barred where a contract, the authenticity of which is not disputed and which expressly disclaims warranty liability, clearly covers the dispute. But, with the "standard express warranty's" authenticity not established, the Court cannot be certain the warranties associated with Plaintiff's HVAC units *did* expressly disclaim liability regarding the complained of defects. Plaintiffs dispute that very point. And Plaintiffs' admission in their

16

Complaint that replacement parts and labor were not covered does not constitute an admission that the warranty expressly disclaimed liability.[6]

Overall, the "standard express warranty" is insufficient to prove the existence of an express written contract on those terms between Defendant and Plaintiffs or the entire putative class. *See Wiand v. EFG Bank*, 2012 WL 750447, at *8 (M.D. Fla. Feb. 8, 2012) (agreement incorporated by reference insufficient to establish express contract and thereby preclude unjust enrichment claim based on existence of adequate remedy at law); *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013) ("it is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that the unjust enrichment count fails") (citing *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998)). At best, Defendant's argument is premature, and cannot result in dismissal at this juncture. *See Morris v. ADT Sec. Servs.*, 580 F. Supp. 2d 1305, 1311-12 (S.D. Fla. 2008) (finding motion to dismiss premature, allowing plaintiff's FDUTPA and unjust enrichment claims to proceed despite contract raised by defendant, and noting that plaintiffs could later claim those contract were void due to defendant's alleged deceptive and unfair trade practices); *Muzuco v. Re$ubmitIt, LLC*, 2012 WL 3242013, at *8 (S.D. Fla. Aug. 7, 2012) ("[W]hile a plaintiff may not recover under both legal and equitable theories, there is no basis for dispensing with Plaintiff's unjust enrichment claim at the motion to dismiss stage."); *Healthcare Appraisers, Inc. v. Healthcare FMV Advisors, LLC*, 2011 WL 4591960, at *10 (S.D. Fla. Sep. 30, 2011) (dismissal premature); *see also Karhu v. Vital Pharm., Inc.*, 2013 WL 4047016, at **8-9 (S.D.

---

[6] The Court acknowledges that simply because an express warranty is silent on a specific subject matter does not mean that subject matter is not covered by the warranty. Precluding certain specific claims from reimbursement, for example, certainly covers those claims. But the Court cannot construct or interpret a contract it doesn't have before it.

17

Fla. Aug. 9, 2013) (dismissing without prejudice because express contract was not yet proved, and plaintiff could plead in the alternative).

### D. Plaintiffs Have Failed to Plead Diversity Jurisdiction

Plaintiffs have not adequately pled diversity jurisdiction under 28 U.S.C. § 1332(d). "[T]he burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Tangshan Ganglu Iron & Steel Co. v. Mapuche, LLC*, 2014 WL 2095167, at *1 (S.D. Fla. May 20, 2014). As the Eleventh Circuit has held on numerous occasions, "[f]or the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Flintlock Constr. Servs. v. Well-Come Holdings*, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company." *Mallory & Evans Contrs. & Engrs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

Here, Defendant is an LLC, and Plaintiffs have not pled the citizenship of any of its members. As counsel to Defendant stressed at oral argument, subject matter jurisdiction is not a technicality which can be disregarded. Plaintiffs' Complaint must be dismissed, with leave granted to amend. *See Wells Fargo Bank N.A. v. Procorp Enterprises, LLC*, 2014 WL 2118881, at *2 (M.D. Fla. May 21, 2014).

### III. CONCLUSION

For the forgoing reasons and as detailed above, Defendant's Motion to Dismiss is granted, but only for Plaintiffs' failure to plead diversity jurisdiction. Plaintiffs' FDUTPA claim is not subject to Rule 9(b), and Plaintiffs' FDUTPA and unjust enrichment counts state claims upon which relief can be granted.

CASE NO. 14-CIV-21884-BLOOM/Valle

Accordingly it is hereby **ORDERED AND ADJUDGED** that Nordyne, LLC's Motion to Dismiss, ECF No. [10] **GRANTED**. The Complaint, ECF No. [1], is **DISMISSED** for lack of subject matter jurisdiction, without prejudice to Plaintiffs' filing an amended complaint within **fourteen (14)** days of this Order.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 13th day of November, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record